Mark S. RODGERS, Mira J. Windham, Archie Smith, Charles Hayes, Wilma Davis, Plaintiffs–Appellants,

Edison Dorsey, Plaintiff,

v.

**GORMAN–RUPP COMPANY,**
Defendant–Appellee.

Nos. 02–3044, 02–3045, 02–3046, 02–3047, 02–3048.

United States Court of Appeals, Sixth Circuit.

Jan. 29, 2003.

Before DAUGHTREY and COLE, Circuit Judges; and SARGUS, District Judge.*

*ORDER*

The plaintiffs-appellants appeal the district court order dismissing their employment discrimination case as settled. Their appeals have been consolidated. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Mark S. Rodgers, Mira J. Windham, Archie Smith, Charles Hayes, Wilma

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

Davis, and seven others, all represented by the same counsel, sued their employer Gorman–Rupp Company (Gorman–Rupp), an Ohio company. They alleged that Gorman–Rupp discriminated against them on the basis of their race. After extensive discovery and preparations for trial, the parties filed a settlement agreement and release of claims under seal. By order entered December 14, 2001, the district court incorporated by reference the settlement agreement and release of claims, retained jurisdiction to enforce the agreement, and dismissed the action with prejudice. Seven of the plaintiffs filed notices of appeal pro se. Two of the appeals were dismissed as untimely.

In their appeal, the remaining plaintiffs-appellants appear to challenge the terms of the settlement. They question the overall amount of the settlement, how much money plaintiff Edison Dorsey received, and their attorney's role in disbursing the settlement money. Rodgers, Smith, Hayes, and Davis have moved for the appointment of counsel on appeal.

On appeal of a district court order enforcing a settlement agreement, this court reviews the district court's factual findings for clear error and the court's decision to enforce the agreement for an abuse of discretion. *Therma–Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000). A federal court has the inherent authority and equitable power to enforce agreements in settlement of litigation before it. *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir.1988).

Upon review, we conclude that the plaintiffs-appellants have not identified any errors in the district court's factual findings or any abuse of discretion in the court's decision to enforce the settlement agreement. *See Therma–Scan, Inc.*, 217 F.3d at 419. The district court simply dismissed the case as settled by incorporating the settlement agreement by reference. The plaintiffs-appellants have not provided any basis to conclude that the agreement was invalid under Ohio law or that their attorney lacked settlement authority. *See Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir.1992); *Morr v. Crouch*, 19 Ohio St.2d 24, 249 N.E.2d 780, 783 (1969).

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit. All pending motions are denied.